UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80252-ROSENBERG/REINHART

DON R. HUMBARD,

    Plaintiff,

v.

UNITED STATES OF
AMERICA,

    Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 35]. The motion has been fully briefed. For the reasons set forth below, the Motion is denied.

Plaintiff visited a post office. Upon exiting the post office, Plaintiff tripped on a curb. More specifically, Plaintiff tripped on a broken tile attached to the curb. The broken tile was separated from the curb by approximately 1.5 inches. Plaintiff initiated this suit under the Federal Tort Claims Act. Pursuant to the Act, Plaintiff contends that the Defendant United States Government was negligent in the maintenance of the post office. Before the Court is Defendant's Motion for Summary Judgment wherein Defendant contends that it is entitled to judgment as a matter of law.

# I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

## II. ANALYSIS

Because Plaintiff's federal claim is based upon an alleged trip and fall in Florida, the Court must apply the substantive law of Florida, the state where the alleged tort occurred. *E.g., Council v. U.S.*, No. 06-CV-00194, 2008 WL 660095, at *3 (N.D. Fla. 2008) (citing *Lambert v. U.S.*, 198 F. App'x 835, 838 (11th Cir. 2006)). The parties agree that the legal question before the Court centers on whether Defendant owed a duty to Plaintiff. More specifically, because the parties agree that Plaintiff was an invitee of Defendant, the question before the Court is whether Defendant (1) took ordinary and reasonable care to keep its premises reasonably safe for Plaintiff and (2) warned Plaintiff of perils that Defendant knew or should have known about of which Plaintiff could not discover. *Delgado v. Laudromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. Dist. Ct. App. 2011). A premises owner "is entitled to assume than an invitee will perceive obvious dangers, 'which would be obvious to him upon the ordinary use of his own senses.'" *Council*, at 2008 WL 660095, *3; *see also City of Melbourne v. Dunn*, 841 So. 2d 504, 505 (Fla. Dist. Ct. App. 2003) ("An owner of land . . . is entitled to assume an invitee will perceive [a] glaringly open and obvious obstacle."). Defendant argues that it is entitled to summary judgment because Plaintiff was injured by a "glaringly open and obvious obstacle."

For support, Defendant cites to *Taylor v. Universal City Property Management*, 779 So. 2d 621, 622 (Fla. Dist. Ct. App. 2001), where a plaintiff collided with an open and obvious "six-foot diameter planter with a palm tree in the middle." Defendant also cites to *Arnoul v. Busch*

3

*Entertainment Corporation*, No. 17-CV-1490, 2008 WL 4525106, at *1 (M.D. Fla. Oct. 6, 2008), where a plaintiff walked into an open and obvious tree branch. A picture of the tree branch is appended below:



*Id.*, DE 45-4 at 1. Defendant further cites to *Ramsey v. Home Depot U.S.A., Inc.*, 124 So. 3d 415, 417 (Fla. Dist. Ct. App. 2013), where a plaintiff tripped on an open and obvious concrete parking space wheel stop. The wheel stop in *Ramsey* is below:



*Ramsey Trial Court Docket*, Deposition of Gudrun Ramsay, at 67.[1]

The Court now turns to the alleged dangerous article in the instant case—the broken tile. Compared to the obviousness of a "six-foot diameter planter with a palm tree in the middle," a tree branch, and a concrete wheel stop, the Plaintiff tripped over the following:



DE 36-4 at 3. In comparing the foregoing, the Court is required to view all facts in the record in the light most favorable to Plaintiff. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). Viewed in that light, the Court is not prepared to conclude that the 1.5 inch detached tile in this case is as "glaringly open and obvious" as a tree or a concrete wheel stop. Instead, this case is more like *Ricciardelli v. Florida Federal Savings & Loan Association*, 564 So. 2d 620 (Fla. Dist. Ct. App. 1990). In *Ricciadelli*, the appellate court considered whether a plaintiff who tripped over a concrete wheel stop could sue the landowner. While it is true that a wheel stop or a curb is not, in

---

1 Defendant does cite to a fourth case, *Circle K. Convenience Stores, Inc. v. Ferguson*, 556 So. 2d 1207, 1208 (Fla. Dist. Ct. App. 1990), but that case contains almost no information on the alleged dangerous condition, characterized as a "joint" between "asphalt and concrete."

the conventional sense, a dangerous obstacle,[2] the *Ricciadelli* court noted that in that case, something was different. In *Ricciadelli*, the wheel stop was "not placed at the center of the parking spot; rather, it [was] set to the side so that it almost touche[d] the parking stripe [which] could constitute negligence." *Id.* Here, there is something different with what could otherwise be a standard curb—a detached tile that was not flush with the curb. The tile was not loose, it was as "solid as a brick." DE 36 at 4. For the foregoing reasons, Defendant's argument that the tile in this case was open and obvious as a matter of law is rejected.

The Court briefly addresses Defendant's remaining argument. Defendant argues that it had no actual or constructive notice of the broken tile and, as a result, it cannot be held liable. *E.g., Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1325 (S.D. Fla. 2015) (a landowner must have actual or constructive notice of the condition which caused injury). Defendant's argument is incompatible and inconsistent with its initial position—that the tile was glaringly obvious—and, as such, Defendant's own evidence defeats Defendant's argument on this point. For example, Defendant cites to evidence that its employees regularly swept its facility for potential dangers,[3] that "no factor existed which concealed the curb edge,"[4] that the color of the tile and the color of the adjoining asphalt was in high contrast,[5] that the tile was located in a heavily trafficked area,[6] that other tiles in the same general were known to Defendant to be broken,[7] and that Defendant was attempting to repair the other broken tiles.[8] The Court must view these facts in the light most favorable to Plaintiff. Combined with Defendant's argument that, had Plaintiff

---

2 *E.g., Aaron v. Logro Corp.*, 226 So. 2d 8 (Fla. Dist. Ct. App. 1960); *Aventura Mall Venture v. Olson*, 561 So. 2d 319 (Fla. Dist. Ct. App. 1990).
3 DE 36 at 7-8.
4 *Id.* at 5.
5 *Id.* at 7.
6 *See id.* at 8.
7 *Id.* at 8-9.
8 DE 38 at 5-6.

"been attentive," he would have seen the "unconcealed, open and obvious" tile, there is at least a question for the trier of fact as to whether Defendant knew or should have known of the broken tile.[9]

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 35] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of March, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[9] Defendant's argument that it could not reasonably be expected to repair the broken tile also fails. Defendant's own expert conceded that the tile should have been flush with the curb and that because the tile was not flush it could have been a tripping hazard. DE 38 at 6-8. At a minimum, then, there is a question of fact over whether the tile should have been repaired and over whether invitees needed to be warned about the tile. *See generally Andries v. Royal Caribbean Cruises, Ltd.*, 12 So. 3d 260, 261 (Fla. Dist. Ct. App. 2009) (noting that disagreements between experts precludes summary judgment on material issues of a case).